THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gary West, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 0:13-cv-02786-TMC |
| | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to the Commissioner's motion to reverse the Commissioner's decision and remand this action under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 22). Plaintiff does not oppose the motion.

Upon remand, the administrative law judge ("ALJ") will obtain evidence from a medical expert to clarify whether the claimant's impairment meets or equals the severity of a listed impairment. If the claimant's impairment is not found to meet or equal a listing, the ALJ will give further consideration to the claimant's maximum residual functional capacity and provide a rationale with specific references to evidence of record in support of the assessed limitations. In so doing, the ALJ will evaluate further the opinions of Drs. Schear and Bradley and explain the weight given to such opinion evidence. The ALJ will offer the claimant an opportunity for a new hearing, take any action needed to complete the administrative record, and issue a new decision.

The Commissioner's motion to remand (ECF No. 22) is **GRANTED**. Accordingly, the Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings. *See Shalala v.*

*Schaefer*, 509 U.S. 292 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  The clerk of the

court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    **IT IS SO ORDERED.**


<u>s/Timothy M. Cain</u>
Timothy M. Cain
United States District Judge

July 1, 2014.
Anderson, South Carolina.