IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gary West, ) | | |
| ) | | C/A No. 0:13-2786-TMC |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| Carolyn W. Colvin, Acting ) | | |
| Commissioner of Social Security ) | | |
| Administration, ) | | |
| ) | | |
| Defendant. | | |

On July 11, 2014, Plaintiff Gary West ("West") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No.25). The Commissioner responded on July 24, 2014, stating she did not object to West's request for attorney's fees. (ECF No. 27).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,*

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*,315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Therefore, after a thorough review of the record in this case, the court finds that West has made a proper showing under the EAJA and, therefore grants his motion for attorney's fees.

West seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance. Specifically, West seeks an award of $188.75 per hour for 19.75 attorney hours ($3,727.81), plus $7.00 in costs and $16.00 for expenses. The Commissioner has not objected to West's calculation of the hourly rate and the court finds the calculation reasonable.

Based on the foregoing, and after considering the briefs and materials submitted by the parties, West's motion for attorney's fees (ECF No. 25) is **GRANTED.** Accordingly, West is awarded $3,727.81 in attorney's fees, $16.00 in expenses, and $7.00 for costs,[2]

---

[2]Costs are paid from the Judgment Fund, rather than from agency funds. *See* 28 U.S.C. § 2412 (c)(1), 2414.

2

for a total award of $3,750.81.[3]

**IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

July 28, 2014
Anderson, South Carolina

---

[3]The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).